IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TEONTE ADAMS,

                Plaintiff,                OPINION AND ORDER

   v.

                                              18-cv-302-wmc

GWEN SCHULTZ and
LUCAS WEBER,

                Defendants.

*Pro se* Teonte Adams, who is currently incarcerated at Columbia Correctional Institution ("Columbia"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Adams claims that defendants, two Columbia correctional officers, Gwen Schultz and Lucas Weber, violated his constitutional rights by giving him the wrong medication on one occasion. His complaint is ready for screening as required by 28 U.S.C. §1915A. Despite construing Adams' allegations generously and in his favor, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), the court must dismiss his complaint for failure to state a constitutional claim.

OPINION

Adams alleges that on November 27, 2017, Schultz mistakenly gave him the medication prescribed to another inmate (20 mg of Fluoxetine). He further alleges that neither Schultz nor Weber sent him to the doctor. Adams does not allege that he reported to either defendant that he was suffering from any ill-effects of the medication. Adams attaches an Incident Report as an exhibit to his complaint, and in it, Schultz reports that she spoke with the Health Services Unit ("HSU") about the mistake, and she was told that

Adams was not in physical danger. (*See* dkt. #1-3, at 2.)

Adams' allegations may implicate the Eighth Amendment but he fails to state a claim. The Eighth Amendment requires prison officials to insure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An inmate may prevail on such a claim by alleging that (1) he faced a "substantial risk of serious harm" and (2) the identified prison officials acted with "deliberate indifference" toward that risk. *Id*. at 834.

For purposes of screening, the court accepts that giving a prisoner the wrong medication can pose a substantial risk of harm. However, Adams has not pled facts suggesting that either defendant purposefully or recklessly gave plaintiff the wrong medication, and an "isolated mistake does not allow a plausible inference of deliberate indifference." *See Robbins v. Pollard*, No. 16-cv-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016) (collecting cases); *Morrison v. Utz*, No. 11 C 4110, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012); *Ehrenberg v. Wis. Dep't of Corr.*, No. 10 C 1022, 2010 WL 5089484, (E.D. Wis. Dec. 7, 2010) (prisoner did not state a constitutional claim based on allegations that he was given the wrong medicine dose); *Kirkwood v. Sirin*, No. 06 C 139, 2006 WL 587698, at *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication one day).

Furthermore, while neither defendant sent him to a doctor, Schultz consulted with the HSU and was told that the improper dose of Fluoxetine would not harm Adams, and, in any event, Adams has not alleged that he reported suffering from any symptoms that required medication attention. As such, both defendants' actions amount to, at most,

negligence. Since negligence, gross negligence and inadvertent errors are insufficient to state a claim under the Eighth Amendment, *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996), the court is dismissing Adams' complaint.

## ORDER

IT IS ORDERED that:

1. This case is dismissed for plaintiff Teonte Adams' failure to state a federal claim upon which relief may be granted.

2. The clerk of court is directed to record this dismissal as a STRIKE for purposes of 28 U.S.C. § 1915(g) (barring a prisoner with three or more "strikes" or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

3. The clerk of court is directed to close this case.

Entered this 3rd day of November 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge